**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-50239

(Summary Calendar)
_____


JOSE RICARDO RUIZ,

                              Plaintiff-Appellant,

versus

GRAY HILDRETH, Special Agent, DEA;
HOWARD STAHA, Special Agent, Texas
Police Department,

                              Defendants-Appellees.


_____

Appeal from the United States District Court
For the Western District of Texas
(A-94-CA-447)
_____

September 12, 1996
Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jose Ricardo Ruiz appeals the dismissal of his civil rights
suit[1] as frivolous pursuant to 28 U.S.C. § 1915(d). He argues that
the district court erred by dismissing his complaint as time-barred

_____

[*]    Pursuant to Local Rule 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in Local Rule 47.5.4.

[1]    Ruiz brought his complaint under 42 U.S.C. § 1983. However, the
district court properly construed his complaint, as to DEA agent Hildreth, as one
made under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29
L. Ed. 2d 619, (1971).

because the two-year statute of limitations should have been tolled. Ruiz also argues that the district court abused its discretion by refusing to allow him to amend his complaint to recharacterize his cause of action as one arising under 42 U.S.C. § 1985.

We review dismissals under § 1915(d) for abuse of discretion. *Moore v. McDonald*, 30 F.3d 616, 618 (5th Cir. 1994). A case is frivolous under § 1915(d) if it is barred by the applicable statute of limitations. *Id.* The denial of a motion to amend is reviewed for abuse of discretion. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

For purposes of determining the applicable statute of limitations, civil rights actions brought under §§ 1983 and 1985 are treated as synonymous with state tort claims, and in this case are subject to a two-year limitations period under § 16.003 of the Texas Civil Practices and Remedies Code.[2] *Helton v. Clements*, 832 F. 2d 332, 334 (5th Cir. 1987). While state law determines the limitations period, federal law governs when a cause of action accrues and holds that accrual begins the moment the plaintiff knows or has reason to know of the injury which is the basis of the complaint. *Id*. Additionally, when applying the statute of limitations, federal courts adhere to a state's tolling provisions.

---

[2] The statute of limitations applicable to *Bivens* actions is likewise governed by the law of the forum state. *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987).

*Hardin v. Straub*, 490 U.S. 536, 543-44, 109 S. Ct. 1988, 2002-03, 104 L. Ed. 2d 582 (1989).

Ruiz's cause of action accrued on November 19-20, 1991, the date of his arrest and interrogation. Ruiz was clearly aware of the facts concerning his allegedly tortious arrest and interrogation.[3] Therefore, the statute of limitations began to run at that time. *See Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) (holding that for purposes of a statute of limitations, "A plaintiff need not realize that a legal cause of action exists; a plaintiff need only know the facts that would support a claim."). Ruiz's complaint was not filed until February 23, 1995, long after the two-year limitations period had run. However, Ruiz contends that the limitations period should be tolled for the period he was incarcerated at the Hays County Jail facility because he suffered from an "unsound mind" resulting from "physical and psychological depression due to withdrawal symptoms of drug addiction. . . and nausea-vomiting due to medication that was being administered by jail officials for the treatment of tuberculosis." Because Ruiz's alleged disability arose after he was arrested and interrogated, and thus after his cause of action had accrued, Ruiz

---

[3] We find clear evidence of Ruiz's knowledge of the facts concerning his arrest and interrogation from his motion entitled "Plaintiffs Opposition to Defendant's Motion to Dismiss." In that motion, Ruiz admits that just two days after his arrest he met with his attorney and "told his attorney that his constitutional rights had been violated by arresting agents." Ruiz further avers that had his attorney not told him that his claims would be unsuccessful, he would have filed suit at that time. These admissions undermine Ruiz's claim that he lacked knowledge of the facts and was "unable to manage his affairs or understand his legal rights."

is not entitled to a tolling of the statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.001(d) (stating that "a disability which arises after a limitations period starts does not suspend the running of the period"). Additionally, the district court did not abuse its discretion by denying Ruiz's motion to amend his complaint, since § 1985 claims are subject to the same two-year limitations period as his original *Bivens* and § 1983 claims.

For the foregoing reasons, we AFFIRM the district court's order dismissing Ruiz's claims and denying Ruiz leave to amend his complaint.